NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JACOB PATRICK WALSH, *Appellant*.

No. 1 CA-CR 13-0901

FILED 1-22-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-001171-002
The Honorable Pamela Hearn Svoboda, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Consuelo M. Ohanesian
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Donn Kessler joined.

**C A T T A N I**, Judge:

¶1          Jacob Patrick Walsh appeals his conviction of aggravated assault (a class 4 felony). Walsh's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), certifying that following a diligent search of the record, she was unable to find any arguable question of law that was not frivolous. Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999). After reviewing the record, we affirm Walsh's conviction and sentence.

## FACTS AND PROCEDURAL BACKGROUND

¶2          In 2012, Walsh and several of his family members assaulted victim J.Y., causing serious bodily injuries. The attack occurred as result of a prior argument between Walsh's brother and J.Y. about J.Y.'s driving behavior through their neighborhood.

¶3          On the night of the assault, Walsh's brother and J.Y. attended a party where neighbors had gathered to drink and socialize. At the party, Walsh's brother confronted J.Y. about his driving. The confrontation escalated when Walsh's brother threw beer at J.Y. and threatened his life, and the hosts asked Walsh's brother to leave.

¶4          Twenty minutes later, Walsh, along with his mother, father, and sister, accompanied his brother back to the party to confront J.Y. Walsh and his family yelled for J.Y. to come out of the house despite the homeowner pleading with them to leave. When J.Y. came out of the house, Walsh's father ran at him and sprayed him with mace, incapacitating him while Walsh and other family members began beating J.Y. for several minutes. Walsh kicked and stomped J.Y. in the head several times and maced him after he became unconscious. Walsh and his family left J.Y. lying in the street and fled.

¶5          J.Y. was hospitalized as a result of his injuries. He sustained fractures to the bones around his eyes and nose, as well as lacerations on his face and body, and several fractured or lost teeth. He required plastic surgery as well as dental surgery, and was still not fully healed by the time of trial.

¶6          Walsh was indicted for aggravated assault in February 2013, and he was found guilty following a jury trial. Walsh admitted to having one prior felony conviction for theft. The superior court found as mitigation that Walsh expressed remorse and had significant community support, and

the court sentenced him to 2.5 years' imprisonment, to be offset by 35 days of presentence incarceration credit.

¶7            Walsh timely appealed.  We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1), 13-4031, and -4033.[1]

## DISCUSSION

¶8            We have read and considered counsel's brief and have reviewed the record for reversible error.  *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.  We find none.

¶9            Walsh was present and represented by counsel at all critical stages of the proceedings.  The record reflects that the superior court afforded Walsh his rights under the federal and state constitutions, and that the proceedings were conducted in accordance with Arizona statutes and the Arizona Rules of Criminal Procedure.  The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdict.  Walsh's sentence falls within the range prescribed by law, with proper credit given for presentence incarceration.

¶10           When this decision is filed, defense counsel's obligations pertaining to Walsh's representation in this appeal will end after informing Walsh of the outcome of this appeal and his future options.  *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984).  Walsh shall have 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

---

[1]            Absent material revisions after the relevant date, we cite a statute's current version.

**CONCLUSION**

¶11    Walsh's conviction and sentence are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama